# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | | |
|---|---|---|
| Avian Patterson, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action File No.: |
| | ) | |
| vs. | ) | |
| | ) | |
| CBV Collections Albany, Inc., | ) | **COMPLAINT WITH** |
| d/b. Credit Bureau of Southwest | ) | **JURY TRIAL DEMAND** |
| Georgia | ) | |
| | ) | |
| Defendant | | |

## PRELIMINARY STATEMENT

This action for damages is based upon the Defendant's overt and intentional, unlawful conduct in the furtherance of its efforts to collect a consumer debt. The Defendant's conduct is in violation of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 et seq.

## PARTIES

1. Plaintiff, Avian Patterson, is a natural person who resides in Macon County, Georgia.

1

2. Defendant, CBV Collections Albany, Inc., is a corporation formed under the laws of the State of Georgia. Defendant may be served with process via its registered agent, Parks Jones, at 1508 West Broad Ave, Albany, GA 31707.

## JURISDICTION AND VENUE

3. This Court has federal question jurisdiction over Plaintiff's Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq., claims pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d). This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4. This Court has personal jurisdiction over Defendant because, inter alia, Defendants frequently and routinely conducts business in the State of Georgia, including the conduct complained of herein.

5. Pursuant to 28 U.S.C. § 1391, venue is proper in the Middle District of Georgia because a substantial part of the events or omissions giving rise to the claims occurred in this district.

6. Venue is proper in the Macon Division because the conduct complained of herein occurred in Macon County, Georgia.

## FACTUAL ALLEGATIONS

7. Plaintiff is a 43-year-old man with deteriorating health. He is disabled, unable to engage in competitive employment, and is in the process of obtaining disability insurance benefits through the Social Security Administration.

8. Plaintiff is allegedly obligated to pay a consumer debt arising out of a deficiency arising out of medical services and is, therefore, a "consumer", as that term is defined by 15 U.S.C. § 1692a(3).

9. Defendant is a collection agency specializing in the collection of consumer debt.

10. Defendant uses interstate commerce and/or mail in its business in the collection of consumer debts.

11. Defendant manages, and collects upon, thousands of consumer debt accounts annually.

12. Defendant is, therefore, a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

13. On or about January 11, 2023, the Plaintiff obtained a copy of his credit report as published by the three chief credit reporting bureaus. At that time, he noted a tradeline being reported by the Defendant showing an account in collection with which he was unfamiliar.

14. On or about January 18, 2023, the Plaintiff initiated a telephone call to the Defendant at the number listed on the tradeline in an effort to obtain more information. At that time, he was connected with an individual identifying themselves as "Betty."

15. After verifying the Plaintiff's identity, the Defendant confirmed that it was collecting two medical accounts totaling $153.27 and that both had been reported to Plaintiff's credit file.

16. Despite his disability, and inability to keep all of his accounts current, the Plaintiff is extremely concerned with maintaining his credit rating and improving it in any way possible.

17. Given his circumstances, the Plaintiff was not in a position to pay the totality of the amount in collection off at one time. He did, however, believe that he could make partial payments on the accounts within his limited budget.

18. Plaintiff specifically asked if such partial payments would be reflected on his credit report as reported by the Defendant.

19. Defendant responded by advising Plaintiff that updated reporting was wholly dependent on the type of payment arrangement that Plaintiff established. Specifically, Defendant advised that if the Plaintiff was on a "regular payment plan,"

such payments would not be reflected. But that if he consented to an automatic draft, the payments would be reported.

20. The representations of the Defendant materially and negatively affected the Plaintiff's analysis and decisions regarding management of the debt in collection by Defendant as well as others.

21. Credit reporting is governed by the 15 U.S.C. § 1681 et. seq., The Fair Credit Reporting Act (FCRA).

22. A data furnisher, such as the Defendant, has an affirmative duty to update the information provided to a credit reporting agency to maintain accuracy and completeness per the FCRA, 15 U.S.C. § 1681s-2(a)(2)(B).

23. Upon information and belief, Defendant's agreements with the credit reporting agencies require Defendant to report account information on a regular basis or schedule.

24. Moreover, per 15 U.S.C. § 1681s-2(a)(1)(A) a furnisher of credit information "…shall not furnish any information relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate."

25. Thus, in the event the Plaintiff made partial payments on the account being collected by the Defendant, Defendant was obligated, as a matter of law and contract, to reflect those payments and the adjusted balance in its reporting.

## INJURIES-IN-FACT AND DAMAGES

26. The FDCPA provides consumers with statutorily created rights to be free from 'being subjected to false, deceptive, unfair, or unconscionable means to collect a debt.'" *McCamis v. Servis One, Inc.*, No. 8:16-CV-1130-T-30AEP, 2016 U.S. Dist. LEXIS 99492 (M.D. Fla. July 29, 2016); *Church v. Accretive Health, Inc.*, 654 Fed. Appx. 990, 2016 U.S. App. LEXIS 12414, 2016 WL 3611543 (11th Cir. 2016).

27. An injury-in-fact sufficient to satisfy Article III standing requirements "may exist solely by virtue of statutes creating legal rights, the invasion of which creates standing." *Church*, at 993, quoting *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 373, 102 S. Ct. 1114, 71 L. Ed. 2d 214 (1982).

28. Violation of statutory rights are not a "hypothetical or uncertain" injury, but one "that Congress has elevated to the status of a legally cognizable injury through the FDCPA." *McCamis*, at 4, citing *Church*, at 3.

29. As a result of the Defendant's actions and/or omissions, Plaintiff has suffered actual damages, including but not limited to the following:

a.) Being subjected to false, deceptive, and unfair debt collection practices;

b.) Confusion related to the Defendant's credit reporting practice that adversely impacted the Plaintiff's ability to prioritize debt payments when they were possible;

c.) Uncompensated time expended away from activities of daily living, to confer with counsel regarding the Defendant's collection efforts;

d.) Anxiety and worry caused by concern that Plaintiff was "missing out" on a substantial settlement opportunity that would leave him subject to legal process. and,

30. Accordingly, through the violation of Plaintiffs' statutorily created rights under the FDCPA, Plaintiff has suffered an injury-in-fact sufficient to establish Article III standing.

## CAUSES OF ACTION

## COUNT I

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. § 1692 et. seq.**

*Violations of 15 U.SC. § 1692e and its subparts*

31. 15 U.S.C. § 1692e specifically prohibits the use of any false, deceptive, or misleading representations or means in connection with the collection of any debt.

32. The use of "or" in § 1692e means a representation violates the FDCPA if it is false or deceptive or misleading. *Bourff v. Rubin Lublin*, LLC, 674 F.3d 1238, 1241 (11th Cir. 2012).

33. "The FDCPA protects consumers from abusive and deceptive practices by debt collectors, and protects non-abusive debt collectors from competitive disadvantage. 15 U.S.C. § 1692(e). Section 1692e forbids the use of 'any false, deceptive, or misleading representation or means' in debt collection, and provides a non-exhaustive list of prohibited conduct." *United States v. National Financial Servs.*, 98 F.3d 131, 135 (4th Cir. 1996).

34. "Violations of Section 1692e are viewed from the perspective of the "least sophisticated consumer." *National Financial Servs.*, 98 F.3d at 135-36. "[E]valuating debt collection practices with an eye to the 'least sophisticated consumer' comports with basic consumer-protection principles." *Id.* at 136. The purpose of that standard "is to ensure that the FDCPA protects all consumers, the gullible as well as the shrewd." *Id.* at 136 *quoting Clomon v. Jackson*, 988 F.2d 1314, 1318 (2nd Cir. 1983). Indeed, its purpose is to protect "naive consumers" with a

minimal understanding of personal finance and debt collection. *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1194 (11th Cir. 2010) (per curiam).

35. Moreover, the least sophisticated consumer is not to be held to the same standard as a reasonably prudent consumer. The least sophisticated consumer, though not unreasonable, is "ignorant" and "unthinking," "gullible," and of "below-average sophistication or intelligence," *Pinson v. JPMorgan Chase Bank, Nat'l Ass'n*, No. 16-17107, 2019 U.S. App. LEXIS 33662, at 12-13 (11th Cir. Nov. 12, 2019), quoting *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993)

36. A false representation in connection with the collection of a debt is sufficient to violate the FDCPA, even if it is not alleged or proven to be misleading or deceptive.

37. Defendant's representation that it did not, as an apparent matter of policy, report updated payment and balance information to credit reporting agencies to which it reports is objectively false and a violation of 15 U.S.C. §§ 1692e, and 1692e(10).

38. Defendants representation that it would not report partial payments made by the Plaintiff on her account to credit reporting agencies to which it reports was a threat to take unlawful action and violated 15 U.S.C. §§ 1692e, 1692e(5), and 1692e(10).

39. Defendant's representation that the negative tradeline being reported by the Defendant would remain, until the account was paid off, was objectively false and materially misleading.

40. This type of false information obscures the timeline of Plaintiff's delinquent accounts and adversely affects her ability to make decisions as to when and how to pay her delinquent accounts.

41. The Defendant's representations regarding the length of time this would remain on the Plaintiff's credit report was a violation of 15 U.S.C. §§ 1692e, 1692e(2)(A), and 1692e(10).

42. The Defendant's failure to report the debt in collection as disputed is a violation of 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(8) and 1692e(10).

***Violations of 15 U.SC. § 1692f and its subparts***

43. The conduct of the Defendant as described herein was unfair and unconscionable. It preyed upon perceived lack of sophistication of the Plaintiff.

44. Defendant's conduct violated 15 U.S.C. § 1692f.

## TRIAL BY JURY

45. Plaintiff is entitled to and hereby requests a trial by jury.

WHEREFORE, Plaintiff prays that judgment be entered against Defendant for:

a.) Plaintiff's actual damages pursuant to 15 U.S.C. § 1692k(a)(1) and;

b.) Statutory damages pursuant to 15 U.S.C. § 1692k;

c.) General, exemplary, and treble damages pursuant to O.C.G.A. § 10-1-399(a) & (c);

d.) Reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k and O.C.G.A. § 10-1-399(d); and

e) Such other and further relief as may be just and proper.

Respectfully submitted this 3rd day of July, 2023.

**BERRY & ASSOCIATES**

*/s/ Matthew T. Berry*
Matthew T. Berry
Georgia Bar No.: 055663
matt@mattberry.com
2751 Buford Highway, Suite 600
Atlanta, GA 30324
Ph. (404) 235-3300
Fax (404) 235-3333